**THOMAS GODFREY**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Thomas.Godfrey@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. GABRIEL COWAN METCALF, Defendant. | CR 23-103-BLG-SPW<br><br>UNITED STATES MOTION IN LIMINE |
|---|---|

The United States of America, represented by Assistant United States Attorney Thomas Godrey, hereby files a motion in limine to exclude argument or evidence regarding the constitutionality of 18 U.S.C. § 922(q)(2)(A) or argument or evidence amounting to a defense of entrapment by estoppel. Counsel for the defendant has been contact and opposes this motion.

1

## BACKGROUND

In August 2023, Billings Police Department received multiple 911 calls reporting Metcalf walking in the area of Broadwater Avenue in Billings, Montana carrying a firearm directly across the street from Broadwater Elementary School which provides education from kindergarten through fifth Grade.  Metcalf lives directly across the street from Broadwater Elementary School.  Callers reported seeing Metcalf walking with a firearm on multiple occasions directly across the street from the school.  Callers also reported Metcalf following cars down the street while carrying a firearm.  In one incident, Metcalf followed a cleaning service employee up the driveway of a neighbor's house while armed with a firearm, causing her to flee inside to seek safety.  Callers reported Metcalf standing on the sidewalk facing the school staring into traffic while armed with a firearm.  All of this occurred directly within view of and directly across the street of the Elementary School.

Law enforcement spoke to Metcalf and his mother about his conduct.  Both stated that Metcalf would "patrol" the neighborhood with a firearm including to his mother's shop at the corner of 5th Steet West and Broadwater.  Metcalf stated he did this because he believed he was being "gang-stalked" by a former neighbor and the neighbor had "agents" who worked for him.  Metcalf stated he would walk

around the block and survey down the streets to attempt to identify vehicles of his "gang-stalkers." He stated he would carry his shotgun during these patrols.

Metcalf made further statements that made law enforcement concerned about his mental stability. He stated he stands watch at night and only sleeps a few hours in the morning and the first thing he does when he leaves his front door is check for incendiary devices and explosives around the house. Metcalf stated that his former neighbor had attempted to poison him and his yard, attempted to burn down his house, and had set up a trap involving gasoline, a leaf blower, and a nearby lawnmower to mask Metcalf's screams.

When told about how his conduct was concerning Metcalf stated that the federal school gun zone act was unconstitutional and would not commit to stopping his conduct. Law enforcement then executed a search warrant on Metcalf's residence and recovered the shotgun he described patrolling with as well as ammunition for the shotgun.

## ARGUMENT

**A. The Defendant Should Be Precluded From Arguing To The Jury Or Testifying That 18 U.S.C. § 922(q)(2)(A) Is Unconstitutional.**

The Court should preclude the defendant from referring to or relying on the constitutional right to bear arms, which is irrelevant in this case. In firearm prosecutions like this one, the government is not required to prove that the defendant knew his possession of a firearm was unlawful. *United States v. Freed*,

401 U.S. 601, 607 (1971). Accordingly, Defendant's thoughts or beliefs about the gun laws generally--or the Second Amendment specifically--have no bearing on the factual questions before the jury. Because any mention of the constitutional right to bear arms is irrelevant and risks confusing the jury as to the applicable law, the Court should bar references to the Second Amendment under Rule 402 of the Federal Rules of Evidence. Such a ruling is well within the Court's discretion. See *United States v. Gilbert*, 286 F. App'x 383, 2008 WL 2740453, *2 (9th Cir. Jul. 15, 2008) (upholding a district court's ruling excluding testimony concerning the Second Amendment in a firearm prosecution).

### B. The Defendant Should Be Precluded From Arguing To The Jury Or Presenting Evidence Claiming His Conduct Was Legal Under State Law

The United States notes that Metcalf has not noticed an entrapment by estoppel defense. However, out of an abundance of caution the United States briefs that issue for the Court as Metcalf has noted before in argument that State of Montana authorities told him he was not in violation of state law. *See* Doc. 32 at 10-11. He should be precluded from arguing this before a jury.

Entrapment by estoppel is when you want to assert that a law enforcement officer told you some activity was legal when it really wasn't.

The elements for entrapment by estoppel are as follows:

First, an authorized [federal government official] [agent of the federal government] was empowered to render the claimed erroneous advice;

4

> Second, the [federal government official] [agent of the federal government] had been made aware of all the relevant historical facts;
>
> Third, the [federal government official] [agent of the federal government] affirmatively told the defendant the proscribed conduct was permissible;
>
> Fourth, the defendant relied on the false information; and
>
> Fifth, this reliance was reasonable.
>
> 9TH CIR. CRIM. JURY INSTR. 5.4 (3/2022) – "Entrapment by Estoppel Defense"

As is obvious from the elements, entrapment by estoppel does create a defense that applies when a federal law enforcement official incorrectly tells a defendant that an action is legal and the defendant reasonably relies on that information. However, this defense is limited to federal agents and actors. Reliance on the advice of a state official does not qualify. "[R]epresentations or assurances by state or local officials lack the authority to bind the federal government to an erroneous interpretation of federal law." *United States v. Brebner*, 951 F.2d 1017, 1026 (9th Cir. 1991).

In this case, the defendant should be precluded from presenting evidence or arguing that state authorities told him he was not in violation of state law, because statements of state authorities do not create an affirmative defense of entrapment by estoppel. This district has previously addressed a similar assertion and correctly established that a state probation officer's statements cannot be relied on to establish collateral estoppel. In *United States v. Barbisan* (CR 17-09-BU-DLC),

Judge Dana Christensen found that any assertions by a state probation officer could not establish entrapment by estoppel because a state probation officer is not a federal official.  See Government's Exhibit 1.  "Here, there is no evidence before the Court that Barbisan's state probation officer was an authorized agent of the federal government with the authority to advise Barbisan on the status of his Second Amendment rights." *Id.* At 13.

Evidence that is irrelevant is not admissible.  Given that entrapment by estoppel cannot be raised based on statements made by state actors regarding state law, for Metcalf to introduce such evidence it would be irrelevant and confusing to the jury.  Admitting such testimony would only empower the defense to attempt to nullify the jury verdict.

## CONCLUSION

To avoid these outcomes guidance from the Court is needed prior to the presentation of the evidence.  Ultimately, Metcalf has the absolute right to proceed to trial.  Nevertheless, he should not do so without a clear understanding of defenses he can present to a jury versus those he cannot.  Equally important, the Court must also ensure the defendant cannot introduce irrelevant evidence in the hope that the jury will nullify the verdict.  As such, the United States asks the Court to rule that the defendant cannot raise Second Amendment constitutionality arguments or entrapment by estoppel.

DATED this 9th day of February, 2024.

                                              JESSE A. LASLOVICH
                                              United States Attorney


                                              */s/ Thomas K. Godfrey*
                                              THOMAS K. GODFREY
                                              Assistant U. S. Attorney