RUSSELL A. HART
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT  59101
Phone:  (406) 259-2459
Fax:  (406) 259-2569
russell_hart@fd.org
  Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL COWAN METCALF,<br><br>Defendant. | Case No. CR-23-103-BLG-SPW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE** |

  The Defendant, Gabrel Cowan Metcalf ("Gabriel" or the "Defendant," herein), submits the following Brief in Support of his Motion in Limine (ECF-43):

## ISSUE

  The United States alleges that, between August 2, 2023 and August 17, 2023, Gabriel with violating 18 U.S.C. § 922(q)(2)(A) by knowingly possessing a firearm that had affected interstate commerce "within a distance of 1,000 feet from the

1

grounds of Broadwater Elementary School, a place the defendant knew and had reasonable cause to believe was a school zone". ECF-21.

Gabriel is not accused of committing any criminal offense between August 2 and August 17, 2023 aside from the offense he is charged with in this case. The Government, the Court, and Mr. Metcalf appear to agree on the theory of prosecution: "Metcalf violated 18 U.S.C. § 922(q)(2)(A) when he stepped onto the public sidewalk while possessing a firearm, when that sidewalk was within 1,000 feet of a school". ECF-39, at pg. 22.

From its first filing until its most recent filing, the Government has consistently opined upon Gabriel's mental health and alluded to a general unease felt by some members of the community toward his conduct. See ECF-1, ECF-42. When it comes to the trial of this matter, any statement or evidence offered by the Government or its witnesses concerning Gabriel's mental health is speculative. When it comes to both his mental health and the community sentiment toward the alleged conduct, such evidence is unduly prejudicial and irrelevant to the question of whether Gabriel carried a firearm within an area he knew or had reasonable cause to believe was a school zone.

I. RELEVANCE

Relevant evidence is generally admissible, and irrelevant evidence is not admissible. F.R.Crim.P. 402. Evidence is relevant if it has any tendency to make a

2

fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. F.R.Crim.P. 401. The offense being prosecuted requires the Government to prove that Gabriel knowingly possessed a firearm in a place he knew or should have known was a school zone. 18 U.S.C. § 922(q)(2)(A). Mr. Metcalf has not asserted a defense based on a diminished mental capacity. Statements like "[p]er the Officer's observations, METCALF suffered from a mental ailment" make it no more or less probable that his physical body was within a "school zone" while he possessed a firearm. ECF-1.

Additionally, how members of the public felt about Gabriel's presence around Broadwater Elementary makes it no more or less probable that he was on the sidewalk with a firearm. It has not been alleged that Gabriel did anything illegal with the firearm other than to carry it onto the sidewalk in front of his house.

## II.   RISK OF PREJUDICE

Even relevant evidence is inadmissible if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.Crim.P. 403. If the Court deems statements made by law enforcement or other lay witnesses concerning Gabriel's mental health to be relevant, it should nevertheless exclude such statements and any similar evidence due to the danger of unfair prejudice.

Additionally, Government witnesses should be cautioned that the issue to be decided is where Mr. Metcalf was when he possessed a firearm between August 2 and August 17, 2023. Statements related to the subjective concerns of law enforcement and residents, even if relevant, are substantially more likely to prejudice the jury or confuse the issues than to help the jury understand the ultimate issue.

### III. FOUNDATION

Evidence that has been disclosed to date and the history of this case demonstrate that the Government and its anticipated witnesses have offered numerous opinions concerning Mr. Metcalf's mental health. A witness may only testify in the form of an opinion after first demonstrating to the Court their scientific, technical, or other specialized knowledge that would help the jury understand the evidence or determine a fact in issue. F.R.Crim.P. 702(a). The testimony must be based on sufficient facts or data, the product of reliable principles and methods, and the expert's opinion must reflect a reliable application of the principles and methods to the facts of the case. *Id*., at (b)-(d).

The evidence presently known to Mr. Metcalf which this Motion seeks to exclude consists of the 911 calls of passersby and statements made by law enforcement following brief interactions with Gabriel. The Government has not identified a witness qualified to diagnose Gabriel with any type of mental defect. It has not identified a witness who gathered sufficient data to form an opinion, nor are

4

the principles and methods used to arrive at these opinions apparent from the evidence that has been disclosed.

## CONCLUSION

The United States is tasked with proving that Gabriel Metcalf, between August 2, 2023 and August 17, 2023, carried a firearm within an area he knew or had reason to believe was a school zone, in violation of 18 U.S.C. § 922(q)(2)(A). Whether he suffered from a mental illness could only be offered to show he didn't have reason to believe he was in a school zone, and Mr. Metcalf has not raised that defense. Members of the public were no less concerned about Mr. Metcalf's presence in his yard (where it is undisputed that he wasn't breaking the law) than they were about his presence on the sidewalk: Mr. Metcalf's mental health and the public sentiment surrounding his actions are irrelevant to the issue to be tried.

Even if this evidence were relevant, it is far more likely to prejudice the jury than help them understand the case. When it comes to Mr. Metcalf's mental health, there is not a witness qualified to offer an opinion that would assist the jury in understanding any issue.

//

//

//

Mr. Metcalf respectfully prays for this Court's Order *in limine* precluding admission of the evidence objected to in this Brief.

RESPECTFULLY SUBMITTED February 9, 2024.

                                   /s/ Russell A. Hart
                                   RUSSELL A. HART
                                   Federal Defenders of Montana
                                          Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on February 9, 2024, a copy of the foregoing document was served on the following persons by the following means:

1, 2   CM-EDF
___    Hand Delivery
 3     Mail
___    Overnight Delivery Service
___    Fax
___    E-Mail

1.  CLERK, UNITED STATES DISTRICT COURT

2.  THOMAS K. GODFREY
    Assistant United States Attorney
    United States Attorney's Office
    2602 2nd Avenue North, Suite 3200
    Billings, MT  59101
        Counsel for the United States of America

3.  GABRIEL COWAN METCALF
        Defendant

                                /s/ Russell A. Hart
                                RUSSELL A. HART
                                Federal Defenders of Montana
                                    Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e).  The Brief's line spacing is double spaced.  The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains 1,036 words, excluding tables and certificates.

DATED February 9, 2024.

>/s/ Russell A. Hart
>RUSSELL A. HART
>Federal Defenders of Montana
>         Counsel for Defendant