THOMAS K. GODFREY
ZENO B. BAUCUS
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: thomas.godfrey@usdoj.gov
       zeno.baucus@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. GABRIEL COWAN METCALF, Defendant. | CR 23-103-BLG-SPW <br><br> **UNITED STATES' RESPONSE TO METCALF'S THIRD MOTION TO CONTINUE** |
|---|---|

COMES NOW, Thomas K. Godfrey and Zeno B. Baucus, Assistant U.S. Attorneys for the District of Montana, hereby responds to defendant Metcalf's Third Motion to Continue.  Doc. 50.  For the following reasons, Metcalf's motion should be denied.

1

## Procedural History

On September 14, 2023, Defendant Gabriel Cowan Metcalf was indicted by a Grand Jury with Unlawful Possession of a Firearm in a School Zone in violation of 18 U.S.C. § 922(q)(2)(a). The crime was allegedly committed in August 2023. Pertinent to Metcalf's motion, this trial has already been continued twice. Docs. 29; 35; 38).

## Argument and Response

The Sixth Amendment guarantees that defendants receive a speedy and public trial. U.S. Const. amend VI. That right is articulated in the Speedy Trial Act of 1974, which is primarily designed to minimize the possibility that a defendant will serve a lengthy period of pretrial incarceration, to reduce the impairment of liberty for individuals on pretrial release, and to shorten the disruption of life associated with criminal charges. *United States v. MacDonald*, 456 U.S. 1, 8 (1982).

However, the Speedy Trial Act is also designed to protect the public's right to a speedy trial. *See* 18 U.S.C. § 3161(h)(8); *see also Zedner v. United States*, 547 U.S. 489, 501 (2006) ("the Act was designed with the public interest firmly in mind"). To serve these ends, the Speedy Trial Act takes into account the interest of the victims of a crime as well, and generally requires that a federal criminal trial

begin within 70 days after a defendant has been charged or has made his/her initial appearance. 18 U.S.C. § 3161(c)(1). Recognizing that particular cases will take additional time, the Act contains a number of provisions that exclude certain periods of delay from the 70-day rule. *See* 18 U.S.C. § 3161(h). Under the local rules for the District of Montana, however, continuances "are to be sparingly granted and only in a manner consistent with the Speedy Trial Act." L.R. CR 17.1.2. "Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003).

In this case, the defendant has moved to continue the trial under § 3161(h)(7)(A), which excludes delays where the ends of justice outweigh the public's and defendant's right to a speedy trial. This is the defendant's third motion to continue trial. In the government's view—after a consideration of the factors set forth in § 3161(h)(7)(B)—the ends of justice achieved through a third continuance do not outweigh the best interests of the public in a speedy trial. "The public is concerned with the effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. Just as delay may impair the ability of the accused to defend himself, so it may reduce the capacity of the government to prove its case." *Dickey v. Florida*, 398 U.S. 30, 42 (1970) (Brennan, J., concurring).

Here, the case involves a single charge of unlawful possession of a firearm in a school zone.  It is not a complex case requiring more than 1 to 2 days of trial and complicated issues of fact.  The issue will be whether the defendant knew he possessed a firearm in a school zone.  There are a handful of lay witnesses who will testify to what they saw regarding the defendant being in a school zone with a firearm.  There will be testimony regarding a recorded interview the defendant had with law enforcement and law enforcement testimony regarding the firearm and the recovery of it.  This is not a case requiring a third continuance of a trial date for the parties to be adequately prepared.

The United States has commenced trial preparation and served witnesses with subpoenas.  The United States respectfully requests the defendant's motion be denied.

DATED this 14th day of March, 2024.

JESSE A. LASLOVICH
United States Attorney


*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney


*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached Response to Defendant Edwards's Motion to Continue is proportionately spaced, has a typeface of 14 points or more, and the body contains 640 words.

<u>/s/ Thomas K. Godfrey</u>
Assistant United States Attorney
Attorney for Plaintiff