THOMAS K. GODFREY
ZENO B. BAUCUS
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: thomas.godfrey@usdoj.gov
      zeno.baucus@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

MAR 25 2024

Clerk, U.S. Courts
District of Montana
Billings Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL COWAN METCALF,<br><br>Defendant. | CR 23-103-BLG-SPW<br><br><br>PLEA AGREEMENT |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorney Thomas K. Godfrey, and the defendant, Gabriel Cowan Metcalf, and his attorney, Russell Hart, have agreed upon the following:

AUSA _TKG_  DEF _GM_  ATTY _RH_  Date _3/25/24_

Page 1

1.   **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.   **Charge:** The defendant agrees to plead guilty to the indictment, which charges him with unlawful possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2). The offense carries a maximum punishment of five years of imprisonment, a $100,000 fine, three years of supervised release, and a $100 special assessment.

3.   **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(C), Federal Rules of Criminal Procedure. The defendant and the United States agree that a specific disposition of a probationary sentence, with no agreement as to any other term, is appropriate in this case. The defendant understands that, if the agreement is accepted by the Court, the defendant will not have an automatic right to withdraw the guilty plea. Rule 11(d)(2)(A), Federal Rules of Criminal Procedure. If the Court rejects the agreement, pursuant to Rule 11(c)(5), Federal Rules of Criminal Procedure, the defendant will be able to withdraw the plea and the parties will proceed to trial.

With the consent of the United States, the defendant reserves the right to appeal the Court's adverse pre-trial ruling of that motion. Rule 11(a)(2), Federal

Rules of Criminal Procedure. The parties acknowledge that this conditional plea agreement and reservation also requires the consent of the Court, and that if that consent is not given, this agreement is void and the case may be set for trial.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is in fact guilty of the charge contained in the indictment. In pleading guilty to the indictment, the defendant acknowledges that:

> First, the defendant knowingly possessed a firearm;
>
> Second, the firearm had moved in or otherwise affected interstate commerce; and
>
> Third, the possession occurred at a place that the defendant knew or had reasonable cause to believe was a school zone.

5. **Waiver of Rights by Plea:**

    (a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

    (b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

    (c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| [init.] | GM | RH | 3/25/24 |

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant=s guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for

| AUSA | DEF | ATTY | Date | |
|------|-----|------|------|---|
| NCb  | GM  | RH   | 3/25/24 | Page 4 |

the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)  At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i)  If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the United States Court of Appeals for the Ninth Circuit for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j)  The defendant has a right to have the district court conduct the change of plea hearing required by Federal Rule of Criminal Procedure 11. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k)  If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in the prior paragraph, except as provided in paragraph 3. The defendant's attorney has explained those rights to the defendant and the consequences of waiving them.

6. **Recommendations:** The United States will recommend that the defendant be given points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG §3C1.1, or acted in anyway inconsistent with acceptance of responsibility.

The parties agree that a specific disposition of probation is appropriate in this case.

The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:**

(a) *Waiver of Appeal of the Sentence:* The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| [initials] | GM | eH | 3/25/24 |

18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. This waiver does not prohibit the right to appeal the denial of the defendant's motion to dismiss.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9.  **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** Pursuant to 18 U.S.C.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| TYG | GM | RH | 3/25/24 |

Page 7

§ 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

11. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

12. **Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the property:

- Rossi, Model Trifecta, 20-gauge shotgun (SN: SP919241)
- Six (6) rounds of 20-gauge ammunition.

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to

execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

JESSE A. LASLOVICH
United States Attorney

_____
THOMAS K. GODFREY
Assistant U. S. Attorney

_____
GABRIEL COWAN METCALF
Defendant

_____
RUSSELL HART
Defense Counsel

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| TG | GM | RH | 3/25/24 |

Page 9