**THOMAS K. GODFREY**
**ZENO B. BAUCUS**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Thomas.Godfrey@usdoj.gov**
         Zeno.Baucus@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| UNITED STATES OF AMERICA, Plaintiff, vs. GABRIEL COWAN METCALF, Defendant. | CR 23-103-BLG-SPW <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** |
|---|---|

The United States, represented by Assistant U.S. Attorneys Thomas K. Godfrey and Zeno B. Baucus, files the following regarding the sentencing hearing set in this case on August 2, 2024.

## INTRODUCTION

On the morning of trial, the defendant pled guilty to Unlawful Possession of a Firearm in a School Zone, in violation of 18 U.S.C. 922(q)(2)(A). The PSR calculates the defendant's guideline range as zero months to six months. The parties have jointly agreed in the plea agreement that a sentence of probation is appropriate. The United States recommends the Court impose a sentence of five years of probation.

## OBJECTIONS

The defendant objects to the range of supervised release and fine in this case. As a preliminary matter the United States notes that the plea agreement is a 11(c)(1)(C) agreement to probation, not supervised release, and the United States is not seeking a fine. Probation is governed by 18 U.S.C. Section 3561 which makes both misdemeanors and felonies punishable by up to five years of probation, the only distinction between them is a felony offense has a floor of one year of probation whereas a misdemeanor does not. The United States Sentencing Guidelines Section 5B1.2 recommends one to five years of probation if the offense level is six or greater and no more than three years in any other case. Thus, as to a probationary sentence, the only relevance in terms of the maximum or minimum term if 18 U.S.C. 922(q)(2)(A) is treated as a felony or misdemeanor would be if the Court were inclined to impose a probationary sentence of less than 1 year.

As to the supervised release argument. 922(q)(2) is not classified by a letter grade in § 922(q), and offenses "not specifically classified by a letter grade" are assigned letter grades in 18 U.S.C. § 3559(a) based on the maximum term of imprisonment allowed. Because the maximum term of imprisonment for a violation of § 922(q) is five years, the offense is classified as a Class D felony under § 3559(a)(4). The authorized term of supervised release for a Class D felony is up to three years, 18 U.S.C. § 3583(b)(2). Because the availability of a three-year term of supervised release follows directly from "the authorization of a term of imprisonment of not more than 5 years made in this paragraph," 18 U.S.C. § 924(a)(4), the misdemeanor classification "for the purpose of any other law" does not apply. Two circuits have concluded that this interpretation is not plainly erroneous. *United States v. Grant*, 665 F. App'x 304, 308 (4th Cir. 2016); *United States v. Alvira-Sanchez*, 804 F.3d 488, 495 (1st Cir. 2015).

## ARGUMENT

A. **The Offense**

In August of 2023 multiple individuals observed the defendant walking in the vicinity of Broadwater Elementary School while carrying a firearm. He was observed in multiple public areas including walking down the sidewalk, crossing the street, and walking down a city alley all within 1,000 feet of the elementary school. The defendant lives directly across the street from the school.

On August 17, 2023, the ATF spoke with the defendant via telephone. He stated he patrolled the area with his firearm regularly, and how recently it was several times a day. The defendant's mother was also interviewed and described his daily patrols with the firearm.

On August 22, 2023, the ATF executed a search warrant at his residence and seized a Rossi, Model Trifecta, 20-gauge shotgun (SN: SP919241) and 6 rounds of 20-gauge ammunition. This was the firearm he described using to patrol and was seen with. The ATF determined this firearm was not manufactured in Montana and thus travelled in and affected interstate commerce.

### B. Criminal History and Background

The PSR has the defendant at a criminal history category of I.

### C. Sentence Recommendation

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the

offense and the history and characteristics of the Defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

The defendant's conduct in this case concerned many members of the community as he walked daily in the vicinity of Broadwater Elementary School while carrying a firearm.  He was seen standing on the sidewalk and just off the sidewalk in the street while carrying a firearm and staring into traffic in the direction of the school.  As a result, the school locked down and took action to mitigate the risk.  As described in the PSR, the school put up tarping, erected a temporary fence, changed where children walked, and asked for increased police presence.  These actions were a reasonable response to the defendant's conduct, but even when confronted with the fact he was scaring parents and school authorities he would not stop.

It is apparent that mental health issues likely contributed to this behavior.  When asked why he was doing this conduct the defendant stated repeatedly that he was afraid of an ex-neighbor, and he felt he needed to patrol the neighbor to deter his ex-neighbor.  The defendant described needing to stand watch during the night and how he got limited sleep.  The defendant did have repeated interactions with his ex-neighbor in 2022 that led to a restraining order and ultimately the neighbor

moving out in August of 2022 a full year before these incidents. The defendant's mother told law enforcement that her and her son had not actually seen the ex-neighbor in months. It is also simply not reasonable on its face to say that standing on a sidewalk and staring at traffic and a school with a gun every day is as a needed deterrent measure to protect himself.

It also is concerning that the defendant stated he believed the ex-neighbor had brought others into the conduct against him which is why he felt he had to follow traffic to see who was "gang stalking" him. His paranoia had reached a place that anyone passing by his house could have potentially been working for his ex-neighbor and out to physically harm him and his mother. Given he was out carrying a firearm this conduct represented a danger to the community. That danger can be addressed through appropriate mental health counseling and supervision.

Since the onset of this case and the placement of the defendant on pre-trial release he has been in compliance with the conditions of his supervision. Since the seizure of the firearm the United States has learned that the defendant has taken to carrying mace to protect himself, which is encouraging. He is a criminal history category of I and his guideline range fits within Zone A of the Sentencing Table. For those reasons the United States believes a sentence of five years of probation is appropriate here. During that time the defendant can receive mental health

counseling that will give him the tools to feel less paranoid and more secure. It will also allow the United States Probation Office to supervise the defendant and provide him with any other additional resources he needs both for his own rehabilitation and the protection of the community.

The government respectfully requests the Court impose a sentence of five years of probation.

DATED this 18th day of July, 2024.

> JESSE A. LASLOVICH
> United States Attorney
>
> */s/ Thomas K. Godfrey*
> THOMAS K. GODFREY
> Assistant U.S. Attorney
>
> */s/ Zeno B. Baucus*
> ZENO B. BAUCUS
> Assistant U.S. Attorney