RUSSELL A. HART
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT  59101
Phone:  (406) 259-2459
Fax:  (406) 259-2569
russell_hart@fd.org
      Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL COWAN METCALF,<br><br>Defendant. | Case No. CR-23-103-BLG-SPW<br><br><br>RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM |

COMES NOW the Defendant, through counsel, and offers the following Response to the United States' Sentencing Memorandum.  (Doc. 63).

1

## **INTRODUCTION**

The United States' Sentencing Memorandum focuses primarily on Mr. Metcalf's unresolved objections to the PSR. While Mr. Metcalf does not dispute the sentencing range calculated in the PSR, he did submit objections based on 18 U.S.C. § 924(a)(4)'s assertion that "except for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, for the purpose of any other law a violation of section 922(q) shall be deemed a misdemeanor." Mr. Metcalf argued in his objection that "any other law" included those other laws which provide a maximum term of imprisonment, supervised release, or a fine based on the letter grade of the offense. Mr. Metcalf, in his objection, asserted that 18 U.S.C. § 3583 must treat §922(q) as a misdemeanor, and that as a result the maximum applicable fine is $5,000 and the maximum term of supervised release is one year. Mr. Metcalf asserted that Page 1 of the PSR, as well as Paragraphs 65 and 70 should be amended to reflect the correct range of punishments available to the Court.

The United States Probation Office determined that 18 U.S.C. § 922(q) is a Class D Felony because 18 U.S.C. § 3583 – another law – classifies it as such due to the 5-year term of imprisonment authorized by §922(q). The USPO reasoned that, "[b]ecause the availability of a three year term of supervised release follows directly from 'the authorization of a term of imprisonment of not more than 5 years made in

this paragraph,' 18 U.S.C. § 924(a)(4), the misdemeanor classification 'for the purpose of any other law' does not apply." PSR, at Addendum. The PSR went on to note that "two circuits have concluded that this interpretation is not plainly erroneous", citing *United States v. Grant*, 665 F. App'x 304, 308 (4th Cir.2016); *United States v. Alvira-Sanchez*, 804 F.3d 488, 495 (1st Cir. 2015).

The United States, in its Sentencing Memorandum, noted that it is not seeking a fine, that the plea agreement is an 11(c)(1)(C) agreement "to probation, not supervised release", and then cites the same "not clearly erroneous" standard of *Grant* and *Alvira-Sanchez*. The United States also comments upon Mr. Metcalf's mental health in its Memorandum.

**RESPONSE**

Three Circuits have addressed the issue of how §922(q) might be classified as a misdemeanor "for the purpose of any other law": *United States v. Corn*, 47 F.4th 892 (8th Circuit, 2022), *United States v. Grant*, 665 Fed. Appx. 304 (4th Circuit, 2016), and *United States v. Alvira-Sanchez*, 804 F.3d 488 (1st Circuit, 2015).

In none of these cases did a defendant raise the issue prior to being sentenced: each defendant was convicted under § 922(q)(2)(A) then sentenced to a term of supervised release that exceeded the statutory maximum allowed for a misdemeanor (1 year). While these cases, in Mr. Metcalf's view, support his assertion that §922(q)

3

is a misdemeanor for the purpose of any other law, each Circuit declined to squarely answer the question: in each case, the majority employed the clear error standard of review and determined only that the district court's interpretation – which was not objected to by any defendant – was not clearly erroneous.

In *Corn*, the Defendant was sentenced to a three-year term of supervised release for violating § 922(q), then received a sentence of 20 months following a subsequent revocation proceeding. He appealed that sanction and argued the Court only had jurisdiction over his revocation for 12 months because § 924(a)(4) specifically states that § 924(q) is a misdemeanor for the purpose of any law other than the maximum term of imprisonment allowed. (18 U.S.C. § 3559 being the "other law"). *Corn*, at 894-895.

The Government responded that § 922(q) is not a misdemeanor for purposes of the imposition of a term of supervised release: "the availability of a three-year term of supervised release follows directly from 'the authorization of a term of imprisonment of not more than 5 years made in this paragraph,' 18 U.S.C. § 924(a)(4), the misdemeanor classification 'for the purpose of any other law' does not apply." *Id.*, at 895.

The 8th Circuit did not adopt the Government's argument, but instead held that Corn invited the district court to treat § 922(q) as a felony for purposes of calculating

4

his term of supervised release: he had signed a plea agreement stating § 922(q) authorized a term of supervised release up to five years, argued for two years of supervised release at sentencing, and requested a sentence of one year and one day at his revocation, which itself would have exceeded the limits of the district court's jurisdiction as he argued on appeal. *Id*. at 896. Circuit Judge Grasz, dissenting, doubted the "invited error" doctrine's applicability and called "the illegal sentence imposed" a "manifest injustice". *Id*. at 898.

In *United States v. Grant* and *United States v. Alvira-Sanchez*, cited by the Government, the defendants also did not raise this issue prior to sentencing. However, both Grant and Alvira-Sanchez made similar arguments to *Corn* on direct appeal of their sentences. In *Grant*, the 4th Circuit held that the district court's treatment of § 922(q) as a Class D felony was not plainly erroneous because "it is perhaps possible to read that provision in conjunction with § 3559's classification scheme in a way that would make § 922(q) a felony offense." *Grant*, at 308. In *Alvira-Sanchez*, the 1st Circuit used similar language when considering the defendant's argument: "one could construe 18 U.S.C. § 924(a)(4) as establishing that a § 922(q) offense is a misdemeanor except where misdemeanor and felony are distinguished by their authorized terms of imprisonment." *United States v. Alvira-Sanchez*, 804 F.3d 488, 494-495.

In each case, the Circuits determined only that the district court's interpretations were not "clearly erroneous", not that they were legally correct. The decisions in *Alvira-Sanchez* and *Grant* rest upon the law not being obvious to the sentencing court under a clear error standard of review, while *Corn* relied upon the invited error doctrine and side-stepped the Government's argument that § 922(q) was a felony despite the specific misdemeanor language of § 924(a)(4).

The majority of each Court strained to avoid explicitly affirming that § 922(q) is a misdemeanor or asserting otherwise – stretching so far as to employ the "perhaps possible" standard – but the sum of these decisions all but acknowledge that § 922(q) is a misdemeanor for the purpose of any other law, and only held that the district court did not err in classifying it otherwise when nobody raised the issue. Mr. Metcalf raises it now, and he first raised it on September 19, 2023. (Doc. 25).

In fairness to any party who may entertain a different interpretation than Mr. Metcalf, violations of this statute are rarely prosecuted, and the misdemeanor language is unusual. However, that language must have some meaning, and the interpretation advocated by the United States would give it none; in what other context might the language "except for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, for the purpose of any other law a violation of section 922(q) shall be deemed a misdemeanor" have any meaning?

Mr. Metcalf acknowledges that the community became concerned about his presence near Broadwater Elementary School while he carried his single-shot shotgun in August of 2023. The Government, in its Memorandum, states "[i]t is apparent mental health issues likely contributed to this behavior". (Doc. 64, at 5). The United States then goes on to explain that he "did have repeated interactions with his ex-neighbor in 2022 that led to a restraining order and ultimately the neighbor moving out in August of 2022, a full year before these incidents". *Id*. at 5-6.

Mr. Metcalf would supplement the Government's statement with the following information:

1. Doc. 25-1, by which the State of Montana alleges that this former neighbor violated the Order of Protection in October of 2022, and that he had committed the offense twice before;

2. Mr. Metcalf's statements during the investigation that the Order continued to be violated; and

3. Doc. 15.

## CONCLUSION

For the reasons expressed in this filing and in the Memoranda of Mr. Metcalf and the United States, Mr. Metcalf respectfully asks the Court to accept the plea agreement in this case and impose a non-custodial sentence.

RESPECTFULLY SUBMITTED July 25, 2024.

                                              /s/ Russell A. Hart
                                              RUSSELL A. HART
                                              Federal Defenders of Montana
                                                  Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on July 25, 2024, the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM-EDF
<u>    </u>   Hand Delivery
<u> 3 </u>   Mail
<u>    </u>   Overnight Delivery Service
<u>    </u>   Fax
<u>    </u>   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. THOMAS GODFREY
   ZENO BAUCUS
   Assistant United States Attorney
   United States Attorney's Office
   2601 2nd Avenue North, Suite 3200
   Billings, MT  59101
       Counsel for the United States.

3. GABRIEL COWAN METCALF
       Defendant

    /s/ Russell A. Hart
    RUSSELL A. HART
    Federal Defenders of Montana
        Counsel for Defendant

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains 1,402 words, excluding tables and certificates.

DATED this 25th day of July, 2024.

        /s/ Russell A. Hart
        RUSSELL A. HART
        Federal Defenders of Montana
           Counsel for Defendant